IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. SMITH III, D-00615, | |
| Plaintiff, | No. C 10-4562 CRB (PR) |
| vs. | ORDER GRANTING MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | (Docket #11, 15, 17, 21 & 22) |

I.

On August 13, 2010, plaintiff Robert P. Smith III, a state prisoner at Salinas Valley State Prison (SVSP), filed a pro se complaint in Monterey County Superior Court alleging various violations of his federal and state rights while at California State Prison, Corcoran (CSP-COR) and while at SVSP. Specifically, plaintiff claims inadequate medical care, retaliation and inadequate dental care by several defendants at CSP-COR and at SVSP.

On October 8, 2010, defendants California Department of Corrections and Rehabilitation (CDCR); E. Clark, MD; J. Gonnella; D. Howen, DDS; C. Kates; J. Moon, MD; J. Obaiza; G. Searcy; J. Squires; K. Wall and J. Wang, MD (defendants) removed plaintiff's action to this court pursuant to 28 U.S.C. § 1441(b). It was designated as a prisoner civil rights action and assigned to Judge Wilken. On April 27, 2011, the action was reassigned to the undersigned.

On May 20, 2011, the court screened the complaint pursuant to 28 U.S.C. § 1915A and found that, liberally construed, it states cognizable claims for relief under 42 U.S.C. § 1983 and California law against the named defendants. The court also set a briefing schedule for defendants to file a dispositive motion.

Currently before the court is defendants' motion to dismiss the complaint on the ground that it violates the federal joinder rules set forth in Federal Rules of Civil Procedure 18(a) and 20(a). Plaintiff has filed an opposition and defendants have filed a reply.

II.

Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds <u>and</u> have common issues of law or fact. <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

Plaintiff argues that California's joinder rules, rather than the federal joinder rules, govern his action. Not so. It is well-established that the Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court. <u>See</u> Fed. R. Civ. P. 81(c); <u>Granny Goose Foods, Inc. v. Teamsters</u>, 415 U.S. 423, 437-38 (1974). Plaintiff's reliance on cases in which federal courts have looked to state law to determine whether a party was joined fraudulently to establish or defeat diversity jurisdiction is inapposite because this action is based

on federal question, not diversity, jurisdiction. The issue in this case remains whether, under the federal joinder rules, plaintiff can join all of his claims and defendants in one suit.

A.

Plaintiff alleges that several defendants at CSP-COR and at SVSP failed to provide him adequate medical care. In support, plaintiff references three administrative appeals (602s) in which he complained of inadequate medical care for various health problems. Two of the 602s were filed while plaintiff was at CSP-COR and one of the 602s was filed while plaintiff was at SVSP.

Plaintiff's claims of inadequate medical care at CSP-COR and of inadequate medical care at SVSP do not satisfy Rule 20(a)(2)'s requirements. Plaintiff has not shown that all the named CSP-COR and SVSP defendants participated in the same transaction, occurrence, or series of transactions or occurrences, and that a question of law or fact is common to all defendants. See George v. Smith, 507 F.3d 605, 606-07 (7th Cir. 2007). Mere similarity in the types of problems plaintiff encountered at two different prisons is not enough to satisfy Rule 20(a)(2) and bring in one suit otherwise unrelated claims against different defendants. See Coughlin, 130 F.3d at 1350-51.[1] This is so not only to prevent the sort of morass that a multiple-claim, multiple-defendant suit seeks "but also to ensure that prisoners pay the required filing fees – for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George, 507 F.3d at 607 (citing 28 U.S.C. § 1915(g)).

---

[1] Nor is plaintiff's apparent naming of the State of California and CDCR in connection with all claims enough to satisfy Rule 18(a) because neither the State of California nor CDCR is a viable defendant insofar as his claims for damages are concerned.

3

Good cause appearing therefor, the court will dismiss plaintiff's claim of inadequate medical care at CSP-COR (and corresponding defendants) without prejudice to bringing in a separate action and will maintain plaintiff's claim of inadequate medical care at SVSP in this action. But plaintiff's claim of inadequate medical care at SVSP must be dismissed with leave to amend to allege specific facts showing how each and every named defendant actually and proximately caused the deprivation of plaintiff's federal and/or state rights to adequate medical care at SVSP. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Conclusory allegations of inadequate medical care at SVSP will not do.

B.

Plaintiff alleges that, while he was at CSP-COR, Doctor J. Moon retaliated against him for filing administrative appeals by, among other things, denying plaintiff's requests for MRIs, falsifying plaintiff's medical records and so on. Plaintiff's retaliation claim against Moon will be dismissed without prejudice to bringing in a separate action. The retaliation claim does not satisfy Rule 20(a) because it is premised on a different factual background than the surviving claim of inadequate medical care at SVSP. See Coughlin, 130 F.3d at 1350. It also lacks common issues of law or fact with the surviving claim. See id. at 1350-51.

C.

Plaintiff alleges that several defendants at CSP-COR failed to provide him adequate dental care. In support, plaintiff cites two 602s he filed while at CSP-COR complaining of denial of timely dental care. Plaintiff's denial of adequate dental care at CSP-COR will be dismissed without prejudice to bringing in a separate action. The claim does not satisfy Rule 20(a) because it is premised on a different factual background than the surviving claim of inadequate medical care at SVSP. See Coughlin, 130 F.3d at 1350. It also lacks common issues of law or

1 fact with the surviving claim. See id. at 1350-51.

III.

For the foregoing reasons, defendants' motion to dismiss (docket # 11) is GRANTED. The dismissal is with a partial leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff's pending miscellaneous motions (docket # 15, 17, 21 & 22) are denied as moot and/or for lack of merit.

SO ORDERED.

DATED: March 2, 2012

CHARLES R. BREYER
United States District Judge